# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND DIVISION

| | | |
|---|---|---|
| DANNA SUE BRIDGES; | § | |
| JOHN ROSS DOUGLASS, AS TRUSTEE OF | § | |
| THE DOUGLASS FAMILY TRUST; | § | |
| JOHN ROSS DOUGLASS; | § | |
| LEIGH ANN HOPPER A/K/A | § | |
| LEIGH ANN OBERHOLZER; | § | |
| LINDA D. JOHNSTON, AS TRUSTEE OF THE | § | |
| LINDA D. JOHNSTON REVOCABLE TRUST; | § | |
| DARRELL CURTIS PERKINS; and | § | |
| ROBIN SOHL RITCHIE, Individually | § | |
| and On Behalf of All Others Similarly Situated, | § | CIVIL ACTION NO. 7:18-CV-134 |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CLASS ACTION COMPLAINT |
| | § | |
| RIDGE NATURAL RESOURCES, LLC; | § | |
| ESPUELA LAND AND MINERALS, LLC; | § | |
| PLAINS NATURAL RESOURCES, LLC; | § | |
| PUEBLO RESOURCES, L.L.C. F/K/A | § | |
| APACHE RESOURCES, L.L.C.; | § | |
| AGAVE NATURAL RESOURCES, L.L.C.; | § | |
| RANGE ROYALTY, LLC; | § | |
| CALVIN SMAJSTRLA; MATT MORGAN; | § | |
| CHRISTOPHER HAWA; AND WILSON HAWA | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT COURT:

Plaintiffs Danna Sue Bridges; John Ross Douglass, as Trustee of the Douglass Family Trust; John Ross Douglass; Leigh Ann Hopper a/k/a Leigh Ann Oberholzer; Linda D. Johnston, as Trustee of the Linda D. Johnston Revocable Trust; Darrell Curtis Perkins; and Robin Sohl Ritchie, individually and on behalf of all others similarly situated ("Plaintiffs"), hereby file this Original Complaint against Defendants Ridge Natural Resources, LLC; Espuela Land and

Minerals, LLC; Plains Natural Resources, LLC; Pueblo Resources, L.L.C. f/k/a Apache Resources, L.L.C.; Agave Natural Resources, L.L.C.; Range Royalty, LLC; Calvin Smajstrla; Matt Morgan; Christopher Hawa; and Wilson Hawa ("Defendants"), and would respectfully show as follows:

## I.  INTRODUCTION

1.  This class action lawsuit involves a "Royalty-Lease" scam, in which three individuals set up shell companies disguised as legitimate drilling companies and fraudulently convinced a large group of royalty interest owners to purportedly convey a significant percentage of their royalty interests to these shell companies, under the guise of leasing their mineral interests.  They did so through the use of deceptive trade names, by using form contracts that did not contain language required by Texas law for royalty deeds, by making false promises to drill for oil when they had no intention or ability to do so, and even by changing their names to conceal their true identities.  Plaintiffs bring this class action against Defendants in order to expose this scam, recover the money that has been stolen from them and the other class members, and void the illegal contracts that they and the class members were fraudulently induced to sign.

2.  Plaintiffs, on behalf of themselves and all others similarly situated, bring this class action to recover, *inter alia*, actual damages, consequential damages, declaratory relief, treble damages, punitive damages, attorney's fees, pre-and post-judgment interest, costs of court and other equitable relief.

3.  The class of similarly situated individuals sought to be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure is defined as:

**ALL INDIVIDUALS, TRUSTS OR ENTITIES THAT
SIGNED A DOCUMENT ENTITLED "OIL AND GAS
ROYALTY LEASE"[1] AT ANY TIME DURING THE FOUR
YEARS IMMEDIATELY PRECEDING THE FILING OF
THIS LAWSUIT WITH RIDGE NATURAL RESOURCES,
LLC; ESPUELA LAND AND MINERALS, LLC; PLAINS
NATURAL RESOURCES, LLC; PUEBLO RESOURCES,
L.L.C. F/K/A APACHE RESOURCES, L.L.C.; AGAVE
NATURAL RESOURCES, L.L.C.; AND/OR RANGE
ROYALTY, LLC.[2]**

## II.    PARTIES

5.      Plaintiff Danna Sue Bridges is an individual residing in Texas.

6.      Plaintiff John Ross Douglass, individually and as Trustee of the Douglass Family

Trust, is an individual residing in Texas.

7.      Plaintiff Leigh Ann Hopper a/k/a Leigh Ann Oberholzer is an individual residing

in California.

8.      Plaintiff Linda D. Johnston, as Trustee of the Linda D. Johnston Revocable Trust

is an individual residing in Kansas.

9.      Plaintiff Darrell Curtis Perkins is an individual residing in Texas.

10.     Plaintiff Robin Sohl Ritchie is an individual residing in Arizona.

11.     Defendant Ridge Natural Resources, LLC is a Texas limited liability company

with its principal place of business at 3195 Dowlen Rd., Suite 101-308, Beaumont, TX 77706.

Ridge may be served through its registered agent, InCorp Services, Inc. at 815 Brazos St., Ste.

500, Austin, Texas 78701.

---

[1] This would include any individuals, trusts or entities who signed any amendments or corrections to said leases.

[2] The members of this proposed class will be hereinafter referred to as the "Class Members."  Hereinafter, the term
"Plaintiffs" will be used to reference the Plaintiffs in both their individual and representative capacities.  All of the
claims in this Original Complaint are asserted by Plaintiffs in their individual and representative capacities on behalf
of the Class Members.

12.     Espuela Land and Minerals, LLC is a Texas limited liability company with its principal place of business in Kerrville, Texas.   Espuela may be served through its registered agent, Calvin Smajstrla, at 708 Myrta St., Kerrville, TX 78028, or where found.

13.     Plains Natural Resources, LLC is a Texas limited liability company with its principal place of business in San Antonio, Texas.   Plains may be served through its registered agent, InCorp Services, Inc. at 815 Brazos St., Ste. 500, Austin, Texas 78701.

14.     Matt Morgan is an individual residing in San Antonio, Texas.  Mr. Morgan may be served at 5150 Broadway, Suite 205, San Antonio, Texas 78209, or where found.

15.     Defendant Calvin Smajstrla (a/k/a Cal Piter) is an individual residing in Kerrville, Texas and may be served at 201 Lakewood Drive, Kerrville, TX 78028, or where found.

16.     Defendant Christopher Hawa is an individual residing in Beaumont, Texas and may be served at 4825 Christina Lane, Beaumont, TX 77706, or where found.

17.     Defendant Wilson Hawa is an individual residing in San Antonio, Texas and may be served at 5170 Broadway, Suite 24, San Antonio, Texas 78209, or where found.

18.     Defendant Pueblo Resources, L.L.C. f/k/a Apache Resources, L.L.C. is a Texas limited liability company with its principal place of business in Texas.  It may be served through its registered agent for service of process in Texas, Wilson Hawa, at 4825 Christina Lane, Beaumont, TX, or where found.

19.     Agave Natural Resources, L.L.C. is a Texas limited liability company with its principal place of business in Texas.  It may be served through its registered agent for service of process in Texas, Christopher Hawa, at 4825 Christina Lane, Beaumont, Texas 77706, or where found.

20.     Range Royalty, LLC is a Texas limited liability company with its principal place of business in Texas.   It may be served through its registered agent registered agent, InCorp Services, Inc. at 815 Brazos St., Ste. 500, Austin, Texas 78701.

### III.     JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1964(c). Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."   This court also has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, as (A) there are at least one hundred putative class members, (B) at least one plaintiff is a citizen of a different state than at least one defendant, and (C) the aggregated matter in controversy is more than $5 million. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

22.     This Court has personal jurisdiction over all of the Defendants because they are all Texas residents.   This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

23.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division.   Namely, many of the residents who are members of this class action, including two of the named representative plaintiffs, own royalty interests that were affected by this scam in counties located in this judicial district and division.

# IV.     FACTUAL BACKGROUND

24.     Defendants set up a web of related shell companies formed and operated for the sole purpose of perpetrating the fraudulent scheme that gave rise to this lawsuit. Many of these companies are given names confusingly similar to large, reputable oil and gas companies to confuse the victims of the fraudulent scheme by creating a sense of legitimacy that would otherwise be lacking. In Ridge's case, its name - Ridge Natural Resources - is intended to be confusingly similar to Oak Ridge Natural Resources with operations across the Western and Southwestern United States.[3]   Likewise, Agave Natural Resources is intended to sound similar to Agave Oil & Gas, LLC, a large oil and gas exploration company with more than 100 years of experience.[4]   Pueblo Resources, L.L.C. f/k/a Apache Resources, L.L.C. is designed to mimic Apache Corporation, an oil and gas exploration and production company with operations in the United States, Egypt and the United Kingdom North Sea.[5]   Plains Natural Resources is similar in name to Plains All American Pipeline, L.P., one of the largest midstream energy companies in the U.S.[6]

25.     In 2015, Defendants began sending out letters through the United States Mail with a proposed "Oil and Gas Royalty Lease" attached to landowners they had selected for their scam.[7]   On information and belief, Defendants sent out via U.S. Mail several hundred of these

---

[3] http://www.ornr.energy/about-us/.

[4] http://agaveoilandgas.com/contactus/.

[5] http://www.apachecorp.com.

[6] https://www.plainsallamerican.com.

[7] Defendants targeted individuals who owned mineral interests that were subject to pending drilling permits by oil and gas exploration companies.  They did so in order to steal the royalties that would be generated by this new exploration.

letters, with each cover letter and proposed lease identical with the exception of the proposed property to be "leased." Each cover letter repeatedly refers to the instrument as a "lease" and even claims to "offer" a 1⁄4 royalty. The amount of the offer was similar to bonus payments in the area but drastically lower than the market value for mineral sales. Plaintiffs and the Class Members were led to believe, based on the offer letters, the structure and ambiguous verbiage of the proposed leases, and other communications with Defendants, that they were being asked to sign an oil and gas lease, and that Defendants would be drilling for oil and gas on the landowners' properties, despite the fact that neither the individual defendants nor their shell companies had any experience, expertise, ability or intention to drill for oil and gas. Defendants' fraudulent efforts were successful - Plaintiffs' counsel has located through the land records in various counties in Texas more than 200 individuals who signed the "Oil and Gas Royalty Lease" proposed by Defendants.[8] The "Oil and Gas Royalty Lease" violates Texas law because it does not contain the language required by Texas Property Code § 5.151, which requires conspicuous disclosure of the following statement: "BY EXECUTING AND DELIVERING THIS INSTRUMENT YOU ARE SELLING ALL OR A PORTION OF YOUR MINERAL OR ROYALTY INTEREST...." This language is mandated by Texas law because it provides notice to a landowner that it is not merely leasing but may be actually parting with its mineral or royalty interests. In this case, the "Lease," wherein the "Lessees" are relying on the drilling operations of a wholly unrelated, legitimate operator, to "perpetuate" their "Lease," is a term royalty deed, no matter what the Defendants attempt to call it, therefore, the statutory disclaimer was required.

---

[8] True and correct copies of each of the "Oil and Gas Royalty Leases" signed by the named Plaintiffs are attached hereto as Exhibits A-I.

26.     The "Oil and Gas Royalty Lease" contains highly unusual language not found in typical oil and gas leases or royalty leases, such as a provision which purports to disclaim reliance on any verbal representations (which, particularly given the circumstances here, is unenforceable under Texas law),[9] a contradictory arbitration provision which states that both JAMS and the AAA will exclusively administer the arbitration, a prevailing party attorney's fee provision, and a punitive damages waiver. All of these provisions are unenforceable under Texas law because, *inter alia*, they are void for public policy or they were procured by fraud, or both. These provisions provide further evidence that Defendants knew they were perpetuating a fraudulent scheme on a large number of victims and were attempting to insulate themselves from as much liability and from as many remedies as possible through the documents that they drew up themselves.[10]

27.     Finally, despite their obvious attempt to defraud the landowners, the "Oil and Gas Royalty Lease" did not convey the disputed interest. The "Oil and Gas Royalty Lease" itself is ambiguous and the more just interpretation indicates no royalty interest was conveyed. For instance, the "Oil and Gas Royalty Lease" purports to both "grant" and "lease and let" the landowners' royalty interests. As a royalty interest is a mineral owner's share of production (which, by definition, does not include executory rights), the concept of leasing of this interest is

---

[9] Plaintiffs specifically plead that (1) the terms of the "Oil and Gas Royalty Leases" they signed were ***not*** negotiated, and were instead boilerplate (as evidenced that all of them were virtually identical except for the property description), and during negotiations the parties did not specifically discuss the issue(s) which has become the topic of this dispute (other than the false misrepresentations by Defendants set forth herein); (2) Plaintiffs were not represented by counsel; (3) the parties did not deal with each other in an arm's length transaction; (4) Plaintiffs were not knowledgeable in matters involving oil and gas transactions such as those proposed by Defendants; and (5) the release language was not clear, given the contradictory language elsewhere in the "Oil and Gas Royalty Leases."

[10] It is particularly reprehensible that Christopher Hawa is an attorney licensed in the State of Texas. Mr. Hawa, whose State Bar Number is 24090157, was licensed to practice law in Texas in 2014 after graduating from South Texas College of Law in December of 2013.

in direct contradiction to a straightforward conveyance. Additionally, the offer letter to the "Oil and Gas Royalty Lease" explicitly states that it will not interfere with the existing lease covering the property, yet it directly interferes with the landowners' rights under the lease - payment of royalty. This is yet further fraudulent and deceptive language included by Defendants for the sole purpose of inducing the landowners to sign over their royalty rights under false pretenses. Further, although "Royalty" is a capitalized term, it is not defined. When considered in light of the surrounding circumstances - including in connection with the cover letter - at most, only a traditional lease was granted. The proper interpretation under long-standing Texas law is that this "Oil and Gas Royalty Lease" granted nothing, as it purports to "lease" a royalty interest, which by definition does not include executive rights. *See, e.g., Altman v. Blak*e, 712 S.W.2d 117, 118-119 (Tex. 1986) (discussing the five distinct attributes of a mineral estate, the "bundle of sticks").

## V.    CLASS ACTION ALLEGATIONS

28.    The foregoing allegations are incorporated herein by reference.

29.    Plaintiffs bring this class action on behalf of the respective Class Members. The Class Members are so numerous that their joinder is impracticable. While the precise number of the Class Members is unknown, there are a large number of them (i.e. at least 200) that signed an "Oil and Gas Royalty Lease" with Defendants.

30.    Plaintiffs' claims are typical of the Class Members. Plaintiffs each signed an "Oil and Gas Royalty Lease" with Defendants that was virtually if not completely identical in form except for the description of the property at issue for each lease, and each received a cover letter with the same misrepresentations from Defendants.

31. Common questions of law and fact predominate over any questions affecting any individual members, including:

- Whether Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1964 and/or committed fraud or are liable for the various other state claims alleged herein;

- Whether the "Oil and Gas Royalty Leases" signed between the Class Members and the Defendants are enforceable and/or valid under Texas law, and whether they conveyed the royalty interests to Defendants;

- The proper measure of damages sustained by the respective Class Members; and

- Whether the Royalty Leases signed by the Class Members are revocable due to Defendants' fraudulent omissions and misrepresentations.

32. As a result, Plaintiff will fairly and adequately protect the respective Class Members and has retained counsel experienced in collective and class action litigation.

33. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

34. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because many of the interests conveyed are relatively small and it is not feasible to pursue such claims on an individual basis. Moreover, many of the members of the proposed class are individuals that lack the financial resources to vigorously prosecute lawsuits against corporate defendants that have wrongfully siphoned (at minimum) hundreds of

thousands of dollars from a large group of landowners. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## VI.    CAUSES OF ACTION

### COUNT ONE - RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ("RICO") (18 U.S.C. § 1962(c))

**THE ASSOCIATION-IN-FACT ENTERPRISE**

35.    The foregoing allegations are incorporated herein by reference.

36.    Defendants Ridge Natural Resources, LLC; Espuela Land and Minerals, LLC; Plains Natural Resources, LLC; Pueblo Resources, L.L.C. f/k/a Apache Resources, L.L.C.; Agave Natural Resources, L.L.C.; Range Royalty, LLC, Calvin Smajstrla; Matt Morgan, Christopher Hawa, and Wilson Hawa have formed an association-in-fact enterprise as defined in 18 U.S.C. §1961(4) (the "Association-in-Fact Enterprise"). This enterprise consists of individual persons and entities and conducts business throughout the United States. The activities of this enterprise affect interstate commerce.

37.    This enterprise functioned as a continuing unit over the course of more than two years, and evidenced a hierarchical and consensual decision-making structure. Examples of this decision- making structure include, but are not limited to, Defendants Ridge Natural Resources, LLC; Espuela Land and Minerals, LLC; Plains Natural Resources, LLC; Pueblo Resources, L.L.C. f/k/a Apache Resources, L.L.C.; Agave Natural Resources, L.L.C.; Range Royalty, LLC,

Calvin Smajstrla; Matt Morgan, Christopher Hawa, and Wilson Hawa conducting meetings and collaborating to plan and carry out the operations of the Association-in-Fact Enterprise. In addition, Defendants Calvin Smajstrla; Matt Morgan; Christopher Hawa; and Wilson Hawa contributed capital, technical expertise, and operational oversight to execute and manage the operations and finances of the Association-in-Fact Enterprise.

38. Defendants Calvin Smajstrla; Matt Morgan; Christopher Hawa; and Wilson Hawa routinely worked together to coordinate the activities of the members of the Association-in-Fact Enterprise and make decisions concerning the conduct of the enterprise and the distribution of profits from the enterprise. As alleged above, the members of this enterprise also collaborated with each other to make decisions on how best to orchestrate the scheme to defraud Plaintiffs, to deprive Plaintiffs of their royalty interests, and to conceal that scheme from Plaintiffs.

39. Defendants Ridge Natural Resources, LLC; Espuela Land and Minerals, LLC; Plains Natural Resources, LLC; Pueblo Resources, L.L.C. f/k/a Apache Resources, L.L.C.; Agave Natural Resources, L.L.C.; Range Royalty, LLC; Calvin Smajstrla; Matt Morgan; Christopher Hawa; and Wilson Hawa knowingly conducted or participated in the conduct of the Association-in-Fact Enterprise through a pattern of racketeering activity as defined in 18 U.S.C. § 1961(1) and (5). Those Defendants conducted the affairs of the Association-in-Fact Enterprise by sending Plaintiffs and the Class Members documents containing deliberately false, misleading, confusing and ambiguous statements, and concealing the fraud from Plaintiffs. All of these activities were undertaken with the object of depriving Plaintiffs of monies they would have otherwise received from their royalty interests. Specifically, these Defendants conducted the affairs of the Association-in-Fact Enterprise through numerous acts of mail and wire fraud in

violation of 18 U.S.C. §§ 1341 and 1343. Examples of the specific acts of mail and wire fraud are set forth more fully below. These predicate acts were continuous and related with the overall purpose to deprive Plaintiffs of monies they would have otherwise received from their royalty interests.

**THE PATTERN OF RACKETEERING ACTIVITY**

40.     The pattern of racketeering activity is evidenced by the Defendants' use of the mails and wires for the purpose of furthering or executing a scheme or artifice to defraud the Plaintiffs by depriving Plaintiffs of monies they would have otherwise received from their royalty interests. The pattern of racketeering activity began at least as early as 2015 and continued at least until the date of the filing of this lawsuit. The predicate acts committed by Defendants are related and continuous, and amount to or threaten long-term criminal activity. The pattern of racketeering activity includes, but is not limited to, the following acts:

**Violations of 18 U.S.C. § 1341 (Mail Fraud)**

41.     Beginning in 2015, Defendants, using the U.S. Mail, sent offer letters and "Oil and Gas Royalty Leases" to hundreds of landowners with royalty interest in Texas.  The offer letters were signed by "Cal Piter," who, on information and belief, is a pseudonym for Calvin Smajstrla.  Defendants used this pseudonym to disguise their identities and to reduce the likelihood that their scam would be detected before it got underway.  Attached hereto as Exhibits J-L are examples of this form, boilerplate cover letter, which contained numerous misrepresentations as described in detail above.  Attached hereto as Exhibits A-I are examples of the "Oil and Gas Royalty Lease" signed by various individuals, which contained numerous misrepresentations as described in detail above.

42.    The use of the mails by the Defendants was connected with the scheme or artifice to defraud.

43.    The mailing caused actual injury to the business and property of the Plaintiffs.

**Violations of 18 U.S.C. § 1343 (Wire Fraud)**

44.    In addition, the Defendants sent many of the offer letters and proposed leases via electronic transmission through e-mail, which were fraudulent for the reasons set forth above. Defendants also regularly caused funds to be transmitted across interstate lines. These funds were the product of Defendants' scheme or artifice to defraud Plaintiffs. Specifically, the funds were wired to Defendants from locations across the country. Because of Defendants' efforts to conceal their scheme or artifice to defraud Plaintiffs, the exact dates and amounts of the wires have not been fully discovered at this time.

45.    All of the above mail and wire transactions were part of a pattern of racketeering activity engaged in by Defendants for the purpose of furthering their scheme to defraud Plaintiffs. Furthermore, the acts amount to or threaten long-term criminal activity.

46.    The Defendants' actions proximately caused injury to Plaintiffs' business and property.

47.    Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to recover threefold the damages sustained, plus costs including attorneys' fees, from the Defendants.

## COUNT TWO - FRAUD AND FRAUDULENT INDUCEMENT (ALL DEFENDANTS)

48.    Plaintiffs replead and incorporate the above allegations.

49.    Defendants repeatedly and deliberately misrepresented the true nature of its purported "Oil and Gas Royalty Lease" to Plaintiffs. Although Defendants referred to the

document as a "lease," they knew that the document presented to Plaintiffs was actually a conveyance of title in the royalty interests that Defendants claim to have been conveyed.

50. This fact was material because Plaintiffs would not have sold the royalty interests that Defendants claim to have been conveyed to Defendants. Defendants knew that their representations regarding the "Oil and Gas Royalty Leases" were false, but nevertheless it intended for Plaintiffs to act on them. Plaintiffs relied on Defendants' false statements by entering into the "Oil and Gas Royalty Lease." Thus, Plaintiffs were fraudulently induced into entering the "Oil and Gas Royalty Lease" because of Defendants' misrepresentations.

51. Defendants' fraudulent actions proximately caused Plaintiffs to suffer damages through the loss of their very valuable mineral interest for less than market value. Alternatively, Plaintiffs seeks the equitable remedy of recession of the leases that they signed with Defendants.

### COUNT THREE - CONSPIRACY (ALL DEFENDANTS)

52. Plaintiffs replead and incorporate the foregoing allegations by reference.

53. In combination with each other, Defendants agreed to accomplish an unlawful purpose and/or a lawful purpose by unlawful means through their wrongful actions in obtaining fraudulent ownership of the royalty interests that Defendants claim to have been conveyed from Plaintiffs.

54. Among other things, the Defendants conspired to fraudulently acquire the royalty interests by wrongfully and deceptively inducing Plaintiffs to sign a conveyance of the royalty interests under the guise that the document they were signing was a legitimate oil and gas lease.

55. To accomplish the object of their agreement, at least one member of the conspiracy committed an unlawful, overt act in furtherance of the conspiracy. Specifically, the

Defendants committed fraud on Plaintiffs, through Defendants and its representatives, by unlawfully trying to take title of the royalty interests that Defendants claim to have been conveyed through the purported "Oil and Gas Royalty Lease."

56.     Defendants' actions proximately caused injury to Plaintiffs consisting of both actual and exemplary damages. Defendants are jointly and severally liable for all acts done by any of them in furtherance of the unlawful combination.

### COUNT FOUR - RESCISSION BASED ON UNILATERAL MISTAKE (AGAINST RIDGE NATURAL RESOURCES, LLC; ESPUELA LAND AND MINERALS, LLC; PLAINS NATURAL RESOURCES, LLC; PUEBLO RESOURCES, L.L.C. F/K/A APACHE RESOURCES, L.L.C.; AGAVE NATURAL RESOURCES, L.L.C.; AND RANGE ROYALTY, LLC)

57.     Plaintiffs replead and incorporate the above allegations.

58.     Plaintiffs are entitled to rescission based on its unilateral mistake caused by Defendants' actions. Specifically, Defendants led Plaintiffs to believe that they were executing a document that gave Defendants only the right to develop the leased tract when, in fact, they were executing a document that conveyed a fee simple royalty interest to Defendants. To enforce the "Oil and Gas Royalty Lease" despite this mistake would be unconscionable.  Defendants only admitted that they were taking title to the royalty interest after the deed was signed and filed. Prior to that, Defendants represented it was a standard oil and gas lease.  To enforce the "Oil and Gas Royalty Lease" despite this mistake would be unconscionable.  There was never a meeting of the minds on this contract, therefore, there could not have been consideration.   In fact, the Defendant's "leased" this interest for sometimes as low as two percent (2%) of market value – a feat that could only have been achieved through fraud.

59.     The mistake at issue relates to a material feature of the contract - the exact nature

of the property being conveyed. Moreover, the mistake was made despite Plaintiffs' exercise of ordinary care.

60.    Rescinding the "Oil and Gas Royalty Lease" will place the parties in status quo as they were before Defendants' fraudulent behavior. The only "benefit" Defendants will lose is the interest in the royalty interests that Defendants claim to have been conveyed, which was fraudulently obtained to begin with. Thus, the parties could be placed in status quo in an equity sense. Rescission would not result in prejudice to Defendants as the loss of the bargain under the "Oil and Gas Royalty Lease" is not considered in equitable rescission.

**COUNT FIVE - TRESPASS TO TRY TITLE (AGAINST RIDGE NATURAL RESOURCES, LLC; ESPUELA LAND AND MINERALS, LLC; PLAINS NATURAL RESOURCES, LLC; PUEBLO RESOURCES, L.L.C. F/K/A APACHE RESOURCES, L.L.C.; AGAVE NATURAL RESOURCES, L.L.C.; AND RANGE ROYALTY, LLC)**

61.    Plaintiffs replead and incorporate the above allegations.

62.    Pursuant to Texas Rules of Civil Procedure 783-803, Plaintiffs assert a trespass to try title claim as to the royalty interests that Defendants claim to have been conveyed.

63.    At the time Plaintiffs were fraudulently induced into entering into the "Oil and Gas Royalty Lease," they were in possession of the royalty interests that Defendants claim to have been conveyed.   In the alternative, the "Oil and Gas Royalty Lease" failed to convey a royalty interest to Defendants. Defendants have unlawfully dispossessed Plaintiffs of the royalty interests that Defendants claim to have been conveyed as of the effective date of the "Oil and Gas Royalty Lease." Defendants continue to unlawfully dispossess Plaintiffs from the royalty interests that Defendants claim to have been conveyed.

64. Plaintiffs requests a judgment in favor of Plaintiffs for title and possession to the royalty interests that Defendants claim to have been conveyed.

**COUNT SIX - SUIT TO QUIET TITLE (AGAINST RIDGE NATURAL RESOURCES, LLC; ESPUELA LAND AND MINERALS, LLC; PLAINS NATURAL RESOURCES, LLC; PUEBLO RESOURCES, L.L.C. F/K/A APACHE RESOURCES, L.L.C.; AGAVE NATURAL RESOURCES, L.L.C.; AND RANGE ROYALTY, LLC)**

65. Plaintiffs replead and incorporate the above allegations.

66. As described more fully herein, Plaintiffs have an interest in the royalty interests that Defendants claim to have been conveyed.

67. Defendants claim title to the royalty interests that Defendants claim to have been conveyed. This affects Plaintiffs' interest in such property.

68. Defendants' claim is without foundation or right, and is invalid or unenforceable, because Defendants fraudulently induced Plaintiffs to enter into the supposed "Oil and Gas Royalty Lease."

69. In the alternative, the "Oil and Gas Royalty Lease" failed to convey a royalty interest to Defendants.

70. Plaintiffs are entitled to judgment (a) establishing Plaintiffs' title to the royalty interests that Defendants claim to have been conveyed against any adverse claims of Defendants, (b) barring and estopping Defendants from having or claiming any right or title to the royalty interests that Defendants claim to have been conveyed adverse to Plaintiffs, and (c) quieting title in Plaintiffs as owning the royalty interests that Defendants claim to have been conveyed.

**COUNT SEVEN - DECLARATORY JUDGMENT (AGAINST RIDGE NATURAL RESOURCES, LLC; ESPUELA LAND AND MINERALS, LLC; PLAINS NATURAL RESOURCES, LLC; PUEBLO RESOURCES, L.L.C. F/K/A APACHE RESOURCES, L.L.C.; AGAVE NATURAL RESOURCES, L.L.C.; AND RANGE ROYALTY, LLC)**

71.     Plaintiffs replead and incorporate the foregoing allegations by reference.

72.     Plaintiffs brings this claim for declaratory relief pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

73.     Section 37.004 of that Chapter states, in relevant part, "A person interested under a...written contract...or whose rights, status, or other legal relations are affected by a...contract...may have determined any question of construction or validity arising under the...contract and obtain a declaration of rights, status, or other legal relations thereunder."

74.     An actual controversy exists between Plaintiffs and Defendants regarding the legal and contractual obligations of the parties as they relate to the Oil and Gas Royalty Lease and its effect on Plaintiffs' interests.

75.     Therefore, Plaintiffs seeks a declaratory judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, declaring that the Royalty Lease is unenforceable due to Defendants' fraudulent actions and as against public policy.

76.     In the alternative, Plaintiffs seeks a declaratory judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, declaring that, on its face, the Royalty Lease is ambiguous and fails to convey any royalty interest to Defendants.

## VII.    ATTORNEYS' FEES

77.    Plaintiffs is entitled to recover its reasonable and necessary attorneys' fees, expenses, and costs incurred in the prosecution of this lawsuit pursuant to Texas Civil Practice and Remedies Code§ 37.009. Plaintiffs retained counsel and have presented or will present their claim for fees in writing.  Plaintiffs also seek their reasonable attorney's fees and costs under 18 U.S. Code § 1964(c).

## VIII.   CONDITIONS PRECEDENT

78.    All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## IX.    JURY TRIAL

79.    Plaintiffs demand a jury trial on all issues triable by jury.

## X.  RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for relief against Defendants as follows in regards to the class action complaint:

a.  For an order Certifying their claims as a class action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiffs as class representatives, and for designation of Plaintiffs' counsel as class counsel;

b.  For all remedies available under the state and federal causes of action pled herein, including but not limited to all actual damages, consequential damages, punitive damages, treble damages, equitable and declaratory relief requested herein;

c.  For pre- and post-judgment interest and all available penalties or other remedies under state and federal law;

d.  For all costs, expenses and attorney's fees incurred prosecuting this claim, as allowed by law; and

e.  For such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS**