Execution

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| DANNA SUE BRIDGES; JOHN ROSS DOUGLASS, AS TRUSTEE OF THE DOUGLASS FAMILY TRUST; JOHN ROSS DOUGLASS; LEIGH ANN HOPPER A/K/A LEIGH ANN OBERHOLZER; LINDA D. JOHNSTON, AS TRUSTEE OF THE LINDA D. JOHNSTON REVOCABLE TRUST; DARRELL CURTIS PERKINS; ROBIN SOHL RITCHIE, KIMBERLY FAITH NEUROTH, BRIAN DAVID PERKINS, GEORGE MARTIN PERKINS, STEPHEN ROBINSON HURT, CARL NELSON NICHOLS II, JOHN RUSSELL BEBOUT, JACK WARD BENSON, ANGELA GOFF, as TRUSTEE OF THE MARION DUNCAN GOFF AND ANGELA PRESTON GOFF FAMILY TRUST, AND WILLIAM JOHN SANDERS, JR., Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § § | CIVIL ACTION NO. 7:18-CV-00134-DC |
| VS. | § § § | |
| RIDGE NATURAL RESOURCES, LLC; ESPUELA LAND AND MINERALS, LLC; PLAINS NATURAL RESOURCES, LLC; PUEBLO RESOURCES, L.L.C. F/K/A APACHE RESOURCES, L.L.C.; AGAVE NATURAL RESOURCES, L.L.C.; RANGE ROYALTY, LLC; CALVIN SMAJSTRLA; MATT MORGAN; CHRISTOPHER HAWA; and WILSON HAWA, | § § § § § § § § § § § | |
| Defendants. | § § | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement Agreement," and the settlement, release of claims, and conveyances that will occur upon the Settlement Agreement becoming effective, the "Settlement") is entered into by and between Defendants Ridge Natural

1

Resources, LLC, Espuela Land and Minerals, LLC, Plains Natural Resources, LLC, Pueblo Resources, L.L.C. f/k/a Apache Resources, L.L.C., Agave Natural Resources, L.L.C., Range Royalty, LLC, Calvin Smajstrla, Matt Morgan a/k/a Matthew Morgan, Christopher Hawa and Wilson Hawa (collectively, "Defendants"), on the one hand, and Plaintiffs Danna Sue Bridges, John Ross Douglass, as Trustee of the Douglass Family Trust, John Ross Douglass, Leigh Ann Hopper (a/k/a Leigh Ann Oberholzer), Linda D. Johnston, as Trustee of the Linda D. Johnston Revocable Trust, Darrell Curtis Perkins, Robin Sohl Ritchie, Kimberly Faith Neuroth, Brian David Perkins, George Martin Perkins, Stephen Robinson Hurt, Carl Nelson Nichols II, John Russell Bebout, Jack Ward Benson, Angela Goff, as Trustee of the Marion Duncan Goff and Angela Preston Goff Family Trust, and William John Sanders, Jr., individually and as representatives of others similarly situated (collectively, the "Class Representatives"), on the other hand.

WHEREAS, on August 3, 2018, certain of the Class Representatives filed a complaint titled "Plaintiffs' Original Complaint" commencing the above-captioned matter alleging, among other things, that Defendants had violated the Racketeer Influenced and Corrupt Organizations Act and committed fraud in the course of acquiring mineral and royalty interests by conveyance instruments entitled "Oil and Gas Royalty Lease" or variations thereof;

WHEREAS, on October 31, 2018, Defendants filed a motion to dismiss the Plaintiffs' Original Complaint for failure to state a claim;

WHEREAS, on November 11, 2018, all of the Class Representatives filed their Plaintiffs' First Amended Complaint alleging, among other things, that Defendants had violated federal securities law and committed other fraudulent actions in the course of acquiring mineral

and royalty interests by conveyance instruments entitled "Oil and Gas Royalty Lease" or variations thereof;

WHEREAS, the above-styled Civil Action No. 7:18-CV-00134-DC in the United States District Court for the Western District of Texas, Midland Division, and all matters in issue in it, that could have been made an issue in it and/or filed in it are referred to herein as the "Action" and Josh Borsellino and Borsellino, P.C. is the attorney who filed the Action as counsel for the Class Representatives and is referred to herein as the "Class Counsel";

WHEREAS, on December 21, 2018, Defendants filed a motion to dismiss the Plaintiffs' First Amended Complaint for failure to state a claim, consideration of which by the Court remains pending;

WHEREAS, the Class Representatives and Class Counsel are aware of at least five other separate litigations and arbitrations involving similar claims to those alleged in this Action and the Class Representatives and Class Counsel have obtained significant volumes of written discovery from Defendants, physical document productions from Defendants, many sworn depositions of the Defendants, voluminous information from and about those other litigations and arbitrations, which information includes, without limitation, the (1) settlement terms of those other matters and (2) dispositive motion briefing, dispositive motion case authority, dispositive motion evidence, and dispositive motion argument in those other matters, including evidence demonstrating conclusively that Matt Morgan a/k/a Matthew Morgan had and has no involvement whatsoever in the matters alleged in the Action;

WHEREAS, subject to Court approval and the terms and conditions contained in this Settlement Agreement, the Parties desire to settle and resolve completely and finally all of their outstanding differences, disputes, and claims, whether asserted or unasserted, known or

unknown, which were or could have been asserted in and which relate to the conduct alleged in the Action;

WHEREAS, the Parties extensively negotiated the consideration that the Class Representatives and Plaintiffs will receive upon this Settlement Agreement becoming effective, which extensive negotiations included a full day of mediation conducted by mediator Don Philbin, J.D., M.B.A., LL.M, B.A. in San Antonio, Texas on October 2, 2019, which after opportunity to attend was afforded to all Defendants and all Class Representatives was actually attended by all Defendants (except Matthew Morgan) and certain of the Class Representatives and specifically Marion Goff, Angela Goff, Leslie O'Brien Sanders, and William J. Sanders, which all-day mediation also included presentation of voluminous preparatory materials and authorities to Mediator Philbin for his use in the mediation;

WHEREAS, the Class Representatives and Class Counsel believe the consideration that the Plaintiffs will receive upon this Settlement Agreement becoming effective is fair, reasonable, and adequate in light of, among other considerations, the risks, expense, and delay associated with continued litigation and the pending motion to dismiss and the consideration received by plaintiffs in numerous other individual proceedings against Defendants alleging similar claims to those in the Action;

WHEREAS, after the Parties agreed on the consideration to be received by the Class Representatives and Plaintiffs upon this Settlement Agreement becoming effective, the Parties subsequently agreed on the terms by which Class Counsel will be compensated and reimbursed pursuant to this Settlement Agreement for its service to the Class Representatives and Plaintiffs, subject in all respects to Court approval;

*CFW*

NOW, THEREFORE, in consideration of the promises, covenants and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties agree as follows:

**1**      **Definitions**

The following terms shall have the meanings set forth below:

1.1      "Action" means the case *Danna Sue Bridges, et al. v. Ridge Natural Resources, LLC, et al.*, Case No. 7:18-CV-00134-DC, in the United States District Court for the Western District of Texas, Midland Division.

1.2      "Class" means the definition provided in Section 2.1 of this Settlement Agreement.

1.3      "Class Counsel" means Josh Borsellino and the law office of Borsellino, P.C.

1.4      "Class Member" means a member of the Class who has not submitted a valid request for exclusion from the Settlement.

1.5      "Class Period" means the period of time commencing August 3, 2014 and ending on November 19, 2018.

1.6      "Class Representatives" means Plaintiffs Danna Sue Bridges, John Ross Douglass, as Trustee of the Douglass Family Trust, John Ross Douglass, Leigh Ann Hopper (a/k/a Leigh Ann Oberholzer), Linda D. Johnston, as Trustee of the Linda D. Johnston Revocable Trust, Darrell Curtis Perkins, Robin Sohl Ritchie, Kimberly Faith Neuroth, Brian David Perkins, George Martin Perkins, Stephen Robinson Hurt, Carl Nelson Nichols II, John Russell Bebout, Jack Ward Benson, Angela Goff, as Trustee of the Marion Duncan Goff and Angela Preston Goff Family Trust, and William John Sanders, Jr.

1.7    "Court" means the United States District Court for the Western District of Texas, Midland Division.

1.8    "Defendants" means Ridge Natural Resources, LLC, Espuela Land and Minerals, LLC, Plains Natural Resources LLC, Pueblo Resources, LLC f/k/a Apache Resources, LLC, Agave Natural Resources, LLC, Range Royalty, LLC, Calvin Smajstrla, Matt Morgan a/k/a Matthew Morgan, Christopher Hawa, and Wilson Hawa.

1.9    "Effective Date" means the first day after the last of the following occurrences:

1.9.1    The date that the time to appeal or seek permission to appeal or seek other judicial review of the entry of the final judgment and order of dismissal approving the Settlement Agreement and dismissing this litigation with prejudice as to the Defendants has expired with no appeal or other judicial review having been taken or sought; or

1.9.2    If an appeal or other judicial review has been taken or sought, the latest of: (i) the date that the final judgment and order of dismissal is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom; or (ii) the date that the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the Court or to a lower appellate court following an appeal or other review, the date that the final judgment and order of dismissal is entered by the Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that final judgment and order of

dismissal has expired with no further appeal or other judicial review having been taken or sought. If further appeal is sought after a remand, the time periods in this subsection shall apply.

1.9.3   The provisions and deadlines in this Section apply even if there are no objections to the Settlement Agreement.

1.10   "Fairness Hearing" means the hearing at which the Court will make a final determination as to whether the terms of the Settlement Agreement are fair, reasonable, and adequate, and whether the Settlement should be finally approved by the Court.

1.11   "Final Approval Order" means the order entered by the Court after the Fairness Hearing approving the Settlement.

1.12   "Notice" means the notification of the proposed settlement as provided for in Section 6.

1.13   "Parties" means collectively the Class Representatives and Defendants.

1.14   "Plaintiffs" means collectively the Class Representatives and all Class Members.

1.15   "Preliminary Approval" means the Court's order preliminarily approving this Settlement Agreement without any modification, effective on the date of the Preliminary Approval Order.

1.16   "Released Claims" means any and all claims and/or demands of any nature whatsoever (including those for any and all losses, damages, actual damages, consequential damages, special damages, exemplary damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, constructive trust, or any other type or nature of

legal or equitable relief), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise (collectively, "Claims"), which were or could have been asserted in the Plaintiffs' First Amended Complaint or that would be barred by principles of *res judicata* or collateral estoppel had the claims asserted in the Plaintiffs' First Amended Complaint been fully litigated and resulted in a final judgment or order.

## 2    Class Certification

2.1    Subject in all respects to the terms of this Settlement Agreement, the Parties agree that the Class should be certified solely for the purpose of settling, pursuant to this Settlement Agreement, the Claims asserted in the Action.  They agree that the Class shall consist of:

All individuals, trusts, or entities that signed a document entitled "Oil and Gas Royalty Lease" from August 3, 2014 and ending on November 19, 2018 with Ridge Natural Resources, LLC, Espuela Land and Minerals, LLC, Plains Natural Resources LLC, Pueblo Resources, LLC f/k/a Apache Resources, LLC, Agave Natural Resources, LLC, and/or Range Royalty, LLC, excluding those individuals, trusts, or entities that (1) have already settled claims related to an "Oil and Gas Royalty Lease" with Defendants, or (2) are represented by legal counsel and have made written agreement with Defendants since the execution of the Oil and Gas Royalty Lease to resolve disputes or controversies by binding arbitration or (3) are represented by counsel that is not Class Counsel, and who have communicated in writing the fact of representation by counsel that is not Class Counsel.

2.2    Notwithstanding anything in this Settlement Agreement to the contrary, in the event this Settlement Agreement is not approved by the Court, or the class relief set forth in Section 9 is changed in any way, or the number of Class Members who timely and properly submit a Request for Exclusion exceeds ten (10), the

certification of the Class, at the election of the Defendants, shall become null and void unless otherwise agreed to by the Parties.

3    **Duties of the Parties with Respect to Obtaining Preliminary Approval**

3.1    Within ten (10) business days after the execution of this Settlement Agreement, Class Counsel shall apply to the Court for the entry of an order granting preliminary approval of the Settlement substantially in the following form:

3.1.1    preliminarily approving the Settlement Agreement;

3.1.2    certifying the Class solely for purposes of Settlement pursuant to this Settlement Agreement;

3.1.3    Appointing Borsellino, P.C. and Josh Borsellino as Class Counsel;

3.1.4    approving as to form and content of the proposed Notice;

3.1.5    scheduling a Fairness Hearing on the question of whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate to the Class; and

3.1.6    staying all other proceedings concerning the Claims.

3.2    Defendants shall cooperate with Class Counsel to obtain preliminary approval, and Defendants shall be consulted and approve the form of the papers required by Subsection 3.1, above in advance of presentation to the Court.

3.3    The Parties shall continue to take any steps necessary to stay any pending proceedings so as to preserve the status quo until either the Effective Date occurs or the Settlement Agreement is voided.

4    **Duties of the Parties following Preliminary Approval**

4.1    Following Preliminary Approval, Class Counsel will submit, prior to the Final Fairness Hearing, a proposed Final Judgment and Order of Dismissal.   The proposed Final Judgment and Order of Dismissal shall:

4.1.1   approve the Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate and directing effectuation of its terms and provisions;

4.1.2   approve Class Counsel's application for an award of attorneys' fees pursuant to this Agreement;

4.1.3   dismiss this litigation between the Class and the Defendants on the merits and with prejudice, permanently barring the Class (other than those who timely filed a request to be excluded in accordance with Section 7) from further prosecuting any of the Released Claims against any of the Defendants;

4.1.4   be on a form agreeable to Defendants; and

4.1.5   include a schedule that (a) identifies each Class Member that did not timely and properly submit a Request for Exclusion and (b) specifies the royalty interest that will be owned by each such Class Member following the Settlement Conveyance to each Class Member, as further provided for below, such that the Final Judgment and Order of Dismissal may be provided to oil and gas well operators to resolve any questions about ownership or entitlement to revenue with respect to the subject royalty interests.

5    **Mutual Full Cooperation**

5.1    The Class Representatives and Class Counsel agree to recommend approval of this Settlement Agreement by the Court and to recommend participation in the Settlement by members of the Class.

5.2    The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement Agreement, including but not limited to execution of all necessary documents, to seek additional certifications if required by the Court, or to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.   The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become reasonably necessary by order of the Court or otherwise, to effectuate the terms of this Settlement Agreement.   As soon as practicable after execution of this Settlement Agreement, Class Counsel, with the assistance and cooperation of Defendants and their counsel, shall take all necessary steps to secure the Final Approval Order.

6    **Notice of Proposed Settlement**

6.1    Following Preliminary Approval, the Parties shall provide Notice of the proposed settlement as required by Federal Rule of Civil Procedure 23(e) and as required by the Court.   The Parties will recommend to the Court that the Notice be provided as follows:

6.1.1   Class Counsel will, at Class Counsel's expense, provide notice of the proposed Settlement to class members by direct mail or electronic mail.

6.1.2   The Notice will contain: (a) contact information for Class Counsel, in the form of firm name, attorney name, a phone number, address, and email

address; and (b) a complete copy of the Settlement Agreement.   The Notice will be provided in a form mutually agreed upon between Class Counsel and Defendants.

6.2    The Parties will use reasonable efforts to ensure that the Notice is mailed or emailed to the Class as soon as administratively feasible and in any event within thirty (30) days of Preliminary Approval.

7      **Opt-Out and Objection Procedures**

7.1    Class Members, including the Class Representatives other than those who have signed this Settlement Agreement, who wish to be excluded from the Class must send a written request for exclusion to Class Counsel within forty-five (45) days of Preliminary Approval.  Every Class Member who does not timely and properly submit a Request for Exclusion from the Class shall be bound by all proceedings, orders, and judgments in the Class Action. All Class Members agree that the satisfaction of all the Released Claims against the Defendants, as well as entry of the Final Approval Order, shall be binding upon all Class Members who do not opt out.

7.2    Class Counsel shall file a Notice of Class Action Opt-Outs, listing the names of all persons or entities who submitted an opt-out request within ten (10) days after the deadline by which all opt-out requests must be postmarked.

7.3    Defendants shall have the right to terminate the Settlement Agreement in the event that the number of valid and timely opt-outs from the Settlement Agreement exceeds ten (10), provided that election is made, in writing, within ten (10) days of being advised by the Class Counsel that the number of valid and timely opt-

12

outs exceeds ten (10).  In the event that the Settlement Agreement is terminated in accordance with this subsection, the provisions of Section 13 of this Settlement Agreement shall apply.

7.4     Class Members who do not file and serve timely written objections in accordance with the procedures set forth in this Settlement Agreement will be deemed to have waived objections to the Settlement Agreement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement or any aspect of the Settlement Agreement, including without limitation, the fairness, reasonableness, or adequacy of the Settlement, or any award of attorneys' fees or reimbursement of costs and expenses.

7.5     To be considered by the Court, any objection to the Settlement Agreement must: (a) contain the full name and current address of the person objecting; (b) contain the title of the Action:  *Danna Sue Bridges, et al. v. Ridge Natural Resources, LLC, et al.*, No. 7:18-CV-00134-DC (W.D. Tex.); (c) state the reasons for the objection; (d) be accompanied by any evidence, briefs, motions, or other materials the objector intends to offer in support of the objection; (e) be signed by the objector; and (f) be filed with the Court and served upon Class Counsel and counsel for Defendants within forty-five (45) days of Preliminary Approval.

7.6     Within ten (10) days after the filing of the Motion for Preliminary Approval, Defendants shall serve, by U.S. Mail, postage prepaid, the notice required by 28 U.S.C. Section 1715(b).

8       **Final Approval**

8.1   No later than seventy-five (75) days after Preliminary Approval, Plaintiffs shall move for the Court's final approval of this Settlement and agree to use their best efforts to obtain such approval.  At the final approval hearing, the Parties shall petition the Court to enter a final judgment which shall dismiss with prejudice the Claims against Defendants.  If any person appeals the Court's order of final approval of the settlement the Parties will use their respective best efforts to defeat the appeal.

## 9   Class Relief

The Parties agree as follows:

9.1   The "Oil and Gas Royalty Lease" signed between the Class Members and the Defendants (1) is fully enforceable and valid under Texas law, (2) no basis exists to void or avoid the conveyance or set it aside, and (3) conveyed the percentage of royalty interest identified in the Oil and Gas Royalty Lease to the Defendants.

9.2   Defendants will convey to each Plaintiff who does not timely and properly submit a request for exclusion from the Class, 33.33% (1/3) of the interest obtained by Defendants by and through the applicable Oil and Gas Royalty Lease (the "Settlement Conveyances"). By way of example, if a Class Member conveyed seventy-five percent (75%) of its originally owned royalty interest to a Defendant, then the Settlement Conveyance to that Class Member by Defendants will convey 33.33% (1/3rd) of that seventy-five percent (75%) interest (a net 25% of the Class Member's original interest) to the Class Member, such that Defendants would then own 50% of the interest originally owned by Class Member, and Class Member would then own 50% of the interest originally owned by Class Member,

14

with such new division effective as of the date of the Final Order. To effectuate such transfer, the Defendant that entered into an "Oil and Gas Royalty Lease," together with any Defendant that is an assignee of all or part of the interest, will convey 33.33% (1/3rd) of such royalty interest identified as conveyed in the "Oil and Gas Royalty Lease." Such Settlement Conveyances shall be made on a form prepared by Defendants, executed and filed within thirty (30) days of Final Order, and shall be effective as of the date of the Final Order. "Suspense Proceeds" as used in this Settlement Agreement shall mean those proceeds that are presently in suspense with a payor/operator for the specific reason of a question or dispute over the validity of the Oil and Gas Royalty Lease form. Suspense Proceeds shall not include any funds mispaid by a payor/operator that Defendants are in the process of seeking proper payment on. For any proceeds attributable to times prior to the effective date of the Settlement Conveyances, Defendants shall be entitled to keep any amounts paid to them, irrespective of ownership. As to Suspense Proceeds, they shall be owned and be paid on the basis of the percentage of ownership created by the Settlement Conveyances. Plaintiffs, Class Members, Class Counsel, and Defendants each shall have the right, but not the obligation, to record each Settlement Conveyance in the county where the lands are located and to deliver a copy of the instrument to operators/payees of oil and gas wells that are associated with the royalty interest. The Parties acknowledge and agree that providing the Settlement Conveyances and the Final Judgment and Order of Dismissal to such operators/payees is for the Parties' mutual benefit, and that the operators/payees shall be entitled to rely upon such Settlement

15

Conveyances and the Final Judgment and Order of Dismissal in placing the Parties into royalty pay status at the correct ownership entitlement as of the effective date of the Settlement Conveyance.

9.3     Each Settlement Conveyance will be made to the Plaintiff that signed the underlying "Oil and Gas Royalty Lease" and, subject to the Court's approval of Class Counsel's award of attorneys' fees and costs as provided for herein, to Class Counsel. The conveyed interest will be allocated among the Plaintiff and Class Counsel in accordance with the Final Approval Order and any separate order on Class Counsel's application for an award of attorneys' fees and costs as provided for herein.

## 10     Attorneys' Fees

10.1    Class Counsel shall file a motion for approval of attorneys' fees and costs no later than thirty (30) days after Preliminary Approval.  Class Counsel agrees (a) that such attorneys' fees and costs shall be recovered exclusively out of and from the royalty interests being conveyed to Plaintiffs and Class Members by the Settlement Conveyances and (b) not to seek any additional award of attorneys' fees and costs against Defendants. Class Counsel agrees not to seek an award of attorneys' fees and costs in excess of twenty-five percent (25%) of the interest being conveyed to Plaintiffs and Class Members by Defendants in the Settlement Conveyances and associated proportionately reduced share of the Suspense Proceeds, and such conveyance to Class Counsel shall be memorialized in the singular Settlement Conveyances.  For example, for each Plaintiff entitled to a Settlement Conveyance, a single Settlement Conveyance will be prepared by

16

Defendants, that conveys the correct percentage interests to Plaintiff and Class Counsel, and that single Settlement Conveyance will be placed of record. For illustrative purposes: If Class Counsel receives attorneys' fees and costs in the amount of 25% of the interest being conveyed back to Plaintiffs and Class Members by Defendants in the Settlement Conveyances, and the Oil and Gas Royalty Lease conveyed 75% of the Plaintiff's original royalty to Defendants, then the Settlement Conveyance by Defendants would convey back to that Plaintiff 18.75% out of the 75% (or 25% of the 75%), and to Class Counsel 6.25% out of the 75% (or 8.33% of the 75%), such that ownership of the entire royalty originally owned by Plaintiff before the Oil and Gas Royalty Lease would then be: 50% Defendants, 43.75% Plaintiff, and 6.25% Class Counsel. The Defendants agree that they will not object to Class Counsel seeking an award of attorneys' fees as specified in this Section.

## 11 Releases

11.1    Upon the Effective Date, Plaintiffs who do not timely elect to opt out of the Settlement, for themselves and for their assigns, successors, devisees, grantees, transferees, agents, representatives, attorneys, heirs, executors, administrators, beneficiaries, and privies, release the Defendants and their respective affiliates, agents, employees, officers, directors, parents, subsidiaries, attorneys, representatives, advisors, administrators, predecessors, successors, insurers, accountants, advisors, or anyone acting on their behalf from any and all Claims, causes of action, claims, rights, damages, punitive, or statutory damages, penalties, liabilities, expenses and losses, and issues, that any of the Plaintiffs

17

have or could have made against the Defendants in the Action, under any claims under federal, state, or local law, rule, or regulation. The releasing parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the releasing parties expressly assume the risk, they freely and voluntarily give the release as set forth above.

## 12     No Admission of Wrongdoing

12.1     This Settlement Agreement shall not be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim, fault, liability, wrongdoing, or damage whatsoever. The Defendants expressly deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, and the Defendants continue to believe the claims asserted against them in the Action are utterly without merit. Notwithstanding these denials, the Defendants have concluded that continuing to litigate the Action would be protracted and expensive and that, in light of its cost, risk, and uncertainty, it is desirable that the Action be fully and finally released as set forth in this Settlement Agreement.

## 13     Voiding the Agreement

13.1     In the event that (i) the Court fails to finally approve the Settlement Agreement (or any part thereof) or the Final Approval Order or judgment is not entered into

for any reason, or (ii) if either Party believes, in its sole discretion, that the Court or any other appellate court enters an order altering this Settlement Agreement in any way that materially and adversely affects its interests, and the affected Party, within ten (10) days from the entry of such order, in writing notifies the other Party of its intent to void this Settlement Agreement on such grounds; (iii) if for any reason the Effective Date does not occur as a result of actions beyond the control of the Parties, or (iv) if the attorneys' fees in the amount requested by Class Counsel is not approved, or (v) if Defendants exercise their option to void the Settlement Agreement in accordance with Section 7.3, and unless otherwise agreed in writing by the Parties, this Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used, nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, or other litigation against Defendants and the Parties will return to their respective positions as if this Settlement Agreement was never negotiated, drafted, or executed.

## 14  Signatories' Authority

14.1   Subject to the right of Class Members and Class Representatives to opt out, the respective signatories to this Settlement Agreement each represent that they are fully authorized to enter into this Settlement Agreement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## 15  No Prior Assignments

15.1    The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity, any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement Agreement.

**16**    <u>**Notices**</u>

16.1    Unless other specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have duly given: (i) on the date given, if by hand delivery; (ii) within one business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail, return receipt requested; or (iv) on the day received for delivery by e-mail. All notices given under this Settlement Agreement shall be addressed as follows:

16.1.1  <u>To the Class</u>:

> Josh Borsellino
> Borsellino, P.C.
> 1020 Macon St., Suite 15
> Fort Worth, Texas 76102
> Telephone: (817) 908-9861
> Facsimile: (817) 394-2412
> Email: josh@dfwcounsel.com

16.1.2  <u>To Defendants</u>:

> Corey F. Wehmeyer
> Santoyo Wehmeyer P.C.
> 12400 San Pedro Avenue, Suite 300
> San Antonio, Texas 78216
> Telephone: (210) 998-4190
> Facsimile: (210) 998-4201
> Email: cwehmeyer@swenergylaw.com

20

17      **Confidentiality**

17.1    The negotiations related to this Settlement Agreement (including the negotiations relating to the drafting of this Settlement Agreement and any negotiations prior to preliminary approval or between the time of preliminary and final approval) will remain strictly confidential and shall not be discussed with anyone other the Class Representatives and Defendants, their retained attorneys, their accountants and financial or tax advisors, their retained consultants, the Court and its staff, and Mediator Philbin and his staff, unless otherwise agreed to by the Class Counsel and Defendants or unless otherwise ordered by the Court.

18      **General Provisions**

18.1    Governing Law. This Settlement Agreement shall be governed by the laws of the State of Texas without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

18.2    Severability.  The provisions of this Settlement Agreement are not severable.

18.3    Amendment. Before entry of the Final Approval Order, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties. Following entry of the Final Approval Order, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties and approved by the Court.

18.4    Integration Clause.  This agreement, the Exhibits hereto, and any other documents delivered pursuant hereto constitute the entire agreement between the Parties relating to the resolution of the Action.  All prior or contemporaneous agreements,

understandings, representations, and statements, whether oral or written, and whether by a Party or such Party's legal counsel, are merged into this Agreement. There are no agreements outside of this Settlement Agreement and no Party has relied on any other statements.

18.5    <u>Waiver</u>. The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

AGREED AND BINDING:

**Plains Natural Resources, L.L.C.**

By: _____
    Wilson Hawa
Its: President and Sole Member
Date: 10/2/2019

**Pueblo Resources, L.L.C. f/k/a
Apache Resources, L.L.C.**

By: _____
    Wilson Hawa
Its: President and Sole Member
Date: 10/2/2019

_____
**Wilson Hawa**
Individually, and in all other capacities
Date: 10/2/2019

**Ridge Natural Resources, L.L.C.**

By: _____
    Christopher Hawa
Its: President and Sole Member
Date: 10/2/2019

**Agave Natural Resources, L.L.C.**

By: _____
    Christopher Hawa
Its: President and Sole Member
Date: 10/2/2019

_____
**Christopher Hawa**
Individually, and in all other capacities
Date: 10/2/2019

**Range Royalty, L.L.C.**

By: _____
    Calvin Piter Smajstrla
Its: President and Sole Member
Date: 10/2/19

**Espuela Land and Minerals, LLC**

By: _____
    Calvin Piter Smajstrla
Its: President and Sole Member
Date: 10/2/19

_____
**Calvin Piter Smajstrla**
Individually, and in all other capacities
Date: 10/2/19

_____
**Matthew W. Morgan**
Individually, and in all other capacities
Date: 10/2/19

23

_____
Angela Goff, Individually and as Trustee
of the Marion Duncan Goff and Angela
Preston Goff Family Trust, and in all
other capacities
Date: 10-2-19

_____
Marion Goff, Individually and as Trustee
of the Marion Duncan Goff and Angela
Preston Goff Family Trust, and in all
other capacities
Date: 10-2-19

_____
William John Sanders, Jr., Individually and
in all other capacities
Date: 10-2-19

_____
Leslie O'Brien Sanders, Individually and
in all other capacities
Date: 2 Oct 19

Class Counsel:

**Borsellino, P.C.**

By: _____
    Josh Borsellino
Its: Managing Shareholder
Date: 10-2-19

24