UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| DANNA SUE BRIDGES; § | | |
| JOHN ROSS DOUGLASS, AS TRUSTEE OF § | | |
| THE DOUGLASS FAMILY TRUST; § | | |
| JOHN ROSS DOUGLASS; § | | |
| LEIGH ANN HOPPER A/K/A § | | |
| LEIGH ANN OBERHOLZER; § | | |
| LINDA D. JOHNSTON, AS TRUSTEE OF THE § | | |
| LINDA D. JOHNSTON REVOCABLE TRUST; § | | |
| DARRELL CURTIS PERKINS; and § | | |
| ROBIN SOHL RITCHIE, Individually § | | |
| and On Behalf of All Others Similarly Situated, § | CIVIL ACTION NO. 7:18-CV-134-DC | |
|     Plaintiffs, § | | |
| § | | |
| vs. § | CLASS ACTION COMPLAINT | |
| § | | |
| RIDGE NATURAL RESOURCES, LLC; § | | |
| ESPUELA LAND AND MINERALS, LLC; § | | |
| PLAINS NATURAL RESOURCES, LLC; § | | |
| PUEBLO RESOURCES, L.L.C. F/K/A § | | |
| APACHE RESOURCES, L.L.C.; § | | |
| AGAVE NATURAL RESOURCES, L.L.C.; § | | |
| RANGE ROYALTY, LLC; § | | |
| CALVIN SMAJSTRLA; MATT MORGAN; § | | |
| CHRISTOPHER HAWA; AND WILSON HAWA § | | |
|     Defendants. § | | |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT, AND BRIEF IN SUPPORT**

Plaintiffs Danna Sue Bridges; John Ross Douglass, as Trustee of the Douglass Family Trust; John Ross Douglass; Leigh Ann Hopper a/k/a Leigh Ann Oberholzer; Linda D. Johnston, as Trustee of the Linda D. Johnston Revocable Trust; Darrell Curtis Perkins; Robin Sohl Ritchie, Kimberly Faith Neuroth, Brian David Perkins, George Martin Perkins, Stephen Robinson Hurt, Carl Nelson Nichols, II, John Russell Bebout, Jack Ward Benson, Angela Goff, as Trustee of the

Marion Duncan Goff and Angela Preston Goff Family Trust, and William John Sanders, Jr., individually and on behalf of all others similarly situated (collectively, the "Class Representatives"), move the Court to issue final approval of the settlement reached in the above styled class action.

As explained in the Motion for Preliminary Approval, the Settlement Agreement seeks to confirm the validity and enforceability of the Lease, and then have Defendants convey to each Plaintiff and Class Member who does not timely and properly submit a request for exclusion from the Class, 33.33% (1/3) of the interest obtained by Defendants by and through the applicable Lease. By way of example, if a Class Member conveyed seventy-five (75%) of its originally owned royalty interest to a Defendant, then the Lease is confirmed as valid and enforceable and the Settlement Conveyance to that Plaintiff and Class Member by Defendants will convey 33.33% (1/3rd) of that seventy-five (75%) interest (a net 25% of the Plaintiff and Class Member's original interest) to the Class Member, such that Defendants would then own 50% of the interest originally owned by Plaintiff and Class Member before executing the Lease, and Plaintiff and Class Member would then own 50% of the interest originally owned by Plaintiff and Class Member, with such new division effective as of the date of the Court's Final Order. To effectuate such transfer, the Defendant that entered into a "Lease," together with any Defendant that is an assignee of all or part of the interest acquired in the Lease will convey 33.33% (1/3rd) of such royalty interest identified as conveyed in the "Lease." The form of the assignment was attached as Exhibit 3 to the Motion for Preliminary Approval, and was included in the Notice that was mailed to all Class Members.

Under the Settlement Agreement, Borsellino, P.C. agreed "not to seek an award of attorneys' fees and costs in excess of twenty-five percent (25%) of the interest being conveyed to Plaintiffs and Class Members by Defendants in the Settlement Conveyances and associated proportionately reduced share of the Suspense Proceeds." For example, if Class Counsel receives attorneys' fees and costs in the amount of 25% of the interest being conveyed back to Plaintiffs and Class Members by Defendants, and the Lease conveyed 75% of the Plaintiff's and Class Member's original royalty to Defendants, then the Settlement Conveyance by Defendants would convey back to that Plaintiff and Class Member 18.75% out of 75% (or 25% of the 75%), and to Class Counsel 6.25% out of the 75% (or 8.33% of the 75%), such that ownership of the entire royalty originally owned by Plaintiff and Class Member before the Lease would then be: 50% Defendants, 43.75% Plaintiff and Class Member, and 6.25% Class Counsel. The form of assignment provides for an award of 25% of the interest being conveyed to Plaintiffs based on Class Counsel's application for an award in that amount. The notice mailed to the Class Members explained this and noted that Class Counsel's fee award was subject to approval from the Court.

On January 3, 2020, the Court granted in part preliminary approval of the settlement reached by the parties. In its preliminary approval order, the Court otherwise approved the settlement agreement, but rejected the form of the proposed notice, and ordered the parties to include additional information regarding the location of a Fairness Hearing to their proposed class notice and move for Court approval of such Amended Class Notice within seven (7) days of the entry of this Order. The parties submitted the Amended Class Notice on January 10, 2020,

and the Court approved the notice and set a final fairness hearing on March 11, 2020 at 1:30 p.m. The Court later reset the final fairness hearing for March 26 at 2:00 p.m.

On January 22, Defendants' counsel provided Plaintiffs' counsel with a list of all class members, and the court-approved notice was mailed (via first-class mail, using the United States Postal Service) to all class members on January 24, 2020. The deadline for the class members to object to the settlement, submit a Request for Exclusion (i.e. opt-out of the agreement), or file a Notice of Intent to Appear at the fairness hearing was March 9, 2020. At the time of the filing of this Motion, more than a week past the March 9 deadline, no class member has sent to Plaintiff's counsel or filed with the Court any objection to the settlement. Nor has any class member sent to Plaintiff's counsel or filed with the Court any Request for Exclusion from the settlement. Nor has any class member sent to Plaintiff's counsel or filed with the Court any Notice of Intent to Appear at the fairness hearing.

## II. Argument and Authorities

Rule 23(e) of the Federal Rules of Civil Procedure, as amended effective December 1, 2018, provides, in pertinent part:

> **Approval of the Proposal.** If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Whether a settlement is fair in light of class action certification, the Fifth Circuit gives six factors to guide the review of a decision to approve a class action settlement agreement:

1. evidence that the settlement was not obtained by fraud or collusion;
2. the complexity, expense, and likely duration of the litigation;
3. the stage of the litigation and available discovery;
4. the probability of plaintiffs' prevailing on the merits;
5. the range of possible recovery and certainty of damages; and
6. the opinions of class counsel, class representatives, and absent class members.[1]

In weighing these factors, the Court should also consider the strong public policy favoring the settlement of class action lawsuits. *See, e.g.*, *In re Deepwater Horizon*, 739 F.3d 790, 807 (5th Cir. 2014) (noting an "overriding public interest in favor of settlement that we have recognized [p]articularly in class action suits"); *Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K (N.D. Tex. Nov. 8, 2005) (recognizing the "public interest in favor of settlement of class action lawsuits"). The Fifth Circuit has "admonished courts to be mindful of the 'overriding public interest in favor of settlement' in class action suits." *Garza v. Sporting Goods Properties, Inc.*, 1996 WL 56247, at *12 (W.D. Tex. 1996) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). "The court must be assured that the settlement secures an adequate advantage for the class in return for the surrender of litigation rights against the defendants." 4 Newburg on Class Actions § 11:46 at 133.

**A.    Plaintiffs have previously explained in detail why the Settlement Agreement is fair and reasonable and should be approved**

In their Motion for Preliminary Approval, Plaintiffs explained at length why the Settlement Agreement was fair and reasonable. Specifically, Plaintiffs detailed how and why:

- There is no evidence of fraud or collusion behind the Settlement;

---

[1] *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (*citing Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)).

- The complexity, expense, and duration of litigation weighs in favor of Settlement approval;
- Based on the investigation conducted by Class Counsel, the Settlement Agreement presents a fair, reasonable, and adequate result to the claims;
- Balancing the risks of continuing litigation versus the benefits to the Class Members supports approval of the Settlement Agreement; and
- Class Counsel believes that the settlement is fair and reasonable.

In addition, on February 5, 2020, Plaintiff's counsel filed an Unopposed Motion for Approval of Award of Attorney Fees. For brevity's sake and to avoid duplication, and because there were no objections to the settlement from any Class Members, nor have any Class Members opted out, Plaintiffs will not reiterate the arguments made in the Motion for Preliminary Approval or the Motion for Approval of Award of Attorney Fees, and simply incorporate by reference the arguments and authorities cited therein to this Motion for Final Approval.

**B.     There were no objections and no opt-outs, providing more evidence that the settlement is fair and reasonable**

The March 9 deadline to object to or opt-out of the settlement has expired, with no class members doing so. The fact that there are no opt-outs or objections from any Class Members provides further evidence that the settlement is fair and reasonable. *See, e.g., Bynum v. District of Columbia*, 412 F. Supp. 2d 73 (Dist. Columbia 2006 ("The low number of opt outs and objectors (or purported objectors) supports the conclusion that the terms of the settlement were viewed favorably by the overwhelming majority of class members."); *Evans v. TIN, Inc.*, 2013 WL 4501061 (E.D. La. Aug. 21, 2013) (Africk, J.) ("The fact that there were no opt outs or objections to the class action settlement supports a finding that the settlement achieved a favorable result for plaintiffs."); *In re Educ. Testing Serv. Praxis Principles of Learning &*

*Teaching: Grades 7-12 Litig.*, 447 F.Supp2d 612 at 626 (E.D. La. 2006) (finding low number of opt-outs to be a consideration which "strongly favors approval of the proposed settlement."); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) (a small number of opt-outs and objections can be viewed as indicative of the fairness of the settlement); *In re Excess Value Ins. Coverage Litig.*, 2004 WL 1724980 at *11 (S.D.N.Y. 2004) (small number of objectors suggests support for settlement).

Moreover, Defendants have complied with Defendants have complied with the notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715 et seq. On November 14, 2019, Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all States in which members of the Settlement Class reside. The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). As further required under 28 U.S.C. § 1715(d), more than 90 days have elapsed since the service of such notices. Neither the Attorney General of the United States nor any appropriate state official has served written objection to the settlement or any notice stating of intention to appear at the hearing to object to the settlement.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Class Counsel and Plaintiffs respectfully request the Court to enter an order granting preliminary approval of the Settlement substantially in the following form:

1. Confirming the Court's jurisdiction over this action;

2. Finally approving the Settlement Agreement, including all relief granted to the Class Members through the Settlement Agreement and its Amendment;

3. Confirming that the Notice and the means by which it was disseminated (i) were the best notice practicable under the circumstances; (ii) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of due process, the Federal Rules of Civil Procedure and any other applicable law.

4. Confirming the certification of the Action as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3), with the Settlement Class being defined as follows:

> All individuals, trusts, or entities that signed a document entitled "Oil and Gas Royalty Lease" and/or "Paid Up Oil and Gas Royalty Lease" from August 3, 2014 and ending on November 19, 2018 with Ridge Natural Resources, LLC, Espuela Land and Minerals, LLC, Plains Natural Resources LLC, Pueblo Resources, LLC f/k/a Apache Resources, LLC, Agave Natural Resources, LLC, and/or Range Royalty, LLC, excluding those individuals, trusts, or entities that (1) have already settled claims related to an "Oil and Gas Royalty Lease" or "Paid Up Oil and Gas Royalty Lease" with Defendants, or (2) are represented by legal counsel and have made written agreement with Defendants since the execution of the Oil and Gas Royalty Lease or Paid Up Oil and Gas Royalty Lease to resolve disputes or controversies by binding arbitration or (3) are represented by counsel that is not Class Counsel, and who have communicated in writing the fact of representation by counsel that is not Class Counsel.

5. Confirming that there were no opt-outs or objections to the proposed settlement;

6. Confirming that Borsellino, P.C. shall continue serving as Class Counsel for the Settlement Class;

7. Dismissing all claims between Plaintiffs, the Settlement Class Members and Defendants with prejudice;

8. Awarding Borsellino, P.C. twenty-five (25%) of the interest being conveyed to Plaintiffs and Class Members by Defendants and the associated proportionately reduced share of any proceeds held in suspense;

9. Retaining jurisdiction over the Parties, and the Settlement Class Members to interpret and enforce the terms and conditions of the Settlement Documents. The Court reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement and to resolve any and all disputes arising thereunder;

10. Directing the Clerk of Court to enter final judgment; and

11. Such other relief and general relief as the Court deems just and proper.

Defendants, having reviewed the motion, and subject to and reserving all rights they have in the Settlement Agreement, represent they have no objection to the relief requested in this Motion.

> Respectfully submitted,
>
> /s/ Josh Borsellino
> Josh Borsellino
> State Bar No. 24045532
> Borsellino, P.C.
> 1020 Macon St., Ste. 15
> Fort Worth, Texas 76102
> T: 817.908.9861
> F: 817.394.2412
> josh@dfwcounsel.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record through the ECF filing system of the Western District of Texas on March 20, 2020.

/s/Josh Borsellino