## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DANNA SUE BRIDGES, ET AL.,** § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | MO-18-CV-00134-DC | |
| § | | |
| **RIDGE NATURAL RESOURCES,** § | | |
| **LLC, ET AL.,** § | | |
| *Defendants*. § | | |

### ORDER GRANTING PLAINTIFFS' UNOPPOSED
### MOTION FOR FINAL APPROVAL OF SETTLEMENT

On the 29th of May, 2020, a hearing was held before this Court to determine: whether the terms and conditions of the Settlement Agreement, made as of October 2, 2019 (the Settlement Agreement) are fair, reasonable, and adequate for the settlement of all claims asserted by the preliminarily certified settlement class (Settlement Class) against Defendants in the Amended Complaint (the Amended Complaint) now pending in this Court, and should be approved; whether the Settlement Class should be finally approved; and whether judgment should be entered dismissing the Amended Complaint on the merits and with prejudice in favor of Defendants[1] and as against all persons who are members of the Settlement Class.

The Court, having considered all matters submitted to it at the hearing and in the Unopposed Motion for Final Approval of Settlement (Motion for Final Approval) filed by Plaintiffs,[2] finds that the Motion for Final Approval should be **GRANTED** and further finds as follows:

---

1. Defendants include Ridge Natural Resources, LLC; Espuela Land and Minerals, LLC; Plains Natural Resources, LLC; Pueblo Resources, LLC f/k/a Apache Resources, LLC; Agave Natural Resources, LLC; Range Royalty, LLC; Calvin Piter Smajstrla a/k/a Cal Piter; Matt Morgan; Christopher Hawa; and Wilson Hawa.
2. Plaintiffs include Danna Sue Bridges; John Ross Douglass, as Trustee of the Douglass Family Trust; John Ross Douglass; Leigh Ann Hopper a/k/a Leigh Ann Oberholzer; Linda D. Johnston, as Trustee of the Linda D. Johnston Revocable Trust; Darrell Curtis Perkins; Robin Sohl Ritchie; Kimberly Faith Neuroth; Brian David Perkins; George

## I.   BACKGROUND

On August 3, 2018, Plaintiffs, a group of royalty interest owners, filed their Original Complaint, thereby initiating this action. (Doc. 1). On November 19, 2018, Plaintiffs filed an Amended Complaint, joining nine additional plaintiffs; raising additional facts in relation to their tort claims; dismissing the Racketeer Influenced and Corrupt Organizations Act, trespass to try title and suit to quiet title claims; and adding a cause of action for money had and received, fraud by nondisclosure, and federal securities law violations under the Securities and Exchange Commission Rule 10b–5. (*See generally* Doc. 9). Plaintiffs seek actual damages, consequential damages, declaratory relief, punitive damages, attorney fees, pre-and post-judgment interest, costs, and other equitable relief for Defendants' alleged scam to convince Plaintiffs "to purportedly convey a significant percentage of their royalty interests to [Defendants], under the guise of leasing their mineral interests." *Id.* at 1.

Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint on December 21, 2018. (Doc. 17). The parties moved to hold in abeyance the Court's ruling on the Motion to Dismiss Plaintiffs' Amended Complaint on August 16, 2019. (Doc. 27). The Court granted the motion, providing the parties thirty days to complete mediation. (*See* Text Only Entry, Aug. 19, 2019). The parties requested, and the Court granted, additional time to file settlement documents and administratively closed the case. (Doc. 29).

On October 2, 2019, the parties engaged in mediation in San Antonio, Texas with Don Philbin, where a settlement was reached. The parties notified the Court that settlement was reached on October 9, 2019. (Doc. 3). In the Settlement Agreement, the parties reached

---

Martin Perkins; Stephen Robinson Hurt; Carl Nelson Nichols, II; John Russell Bebout; Jack Ward Benson; Angela Goff, as Trustee of the Marion Duncan Goff and Angela Preston Goff Family Trust; and William John Sanders, Jr., individually and on behalf of all others similarly situated.

2

settlement terms and agreed to seek certification of a settlement class. *Id.* The proposed settlement class includes:

> All individuals, trusts, or entities that signed a document entitled "Oil and Gas Royalty Lease" and/or "Paid Up Oil and Gas Royalty Lease" from August 3, 2014 and ending on November 19, 2018 with Ridge Natural Resources, LLC, Espuela Land and Minerals, LLC, Plains Natural Resources LLC, Pueblo Resources, LLC f/k/a Apache Resources, LLC, Agave Natural Resources, LLC, and/or Range Royalty, LLC, excluding those individuals, trusts, or entities that (1) have already settled claims related to an "Oil and Gas Royalty Lease" or "Paid Up Oil and Gas Royalty Lease" with Defendants, or (2) are represented by legal counsel and have made written agreement with Defendants since the execution of the Oil and Gas Royalty Lease or Paid Up Oil and Gas Royalty Lease to resolve disputes or controversies by binding arbitration or (3) are represented by counsel that is not Class Counsel, and who have communicated in writing the fact of representation by counsel that is not Class Counsel.

(Settlement Class). *Id.* at 16.

On January 3, 2020, the Court preliminarily certified Plaintiffs' proposed Settlement Class and preliminarily approved Plaintiffs' proposed Settlement Agreement and approved Plaintiffs' proposed manner of notice in regard to the distribution of Class Notice. (Doc. 32).

On January 13, 2020, the Court approved Plaintiffs' Amended Class Notice and set the final fairness hearing for March 11, 2020, at 1:30 p.m. (Doc. 34). Due to unforeseen circumstances, the final fairness hearing was finally reset for May 29, 2020, at 1:30 p.m. (Doc. 39) The Court also ordered the parties to mail the Class Notice with the new hearing date, which the parties did via certified mail. Of the 140 notices sent to 115 Class Members, roughly ten-to-fifteen Notices were returned by mail. The attorneys note that some of the Notices were sent to two different addresses for the same Class Member.

## II.  DISCUSSION

The claims, issues, or defenses of a certified class may be settled only with the court's approval. Fed. R. Civ. P. 23. Approval of a settlement in a class action necessarily requires the Court to determine if the proposed class is a proper class for settlement purposes. *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426-27 (E.D. Tex. 2002). The Court makes a preliminary fairness evaluation of the proposed terms of settlement submitted by counsel. *Id.* If the Court determines the settlement is fair, the Court directs that notice pursuant to Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement. *Id.* As discussed above, these preliminary steps have occurred, and the Settlement Agreement and Settlement Class are ripe for final approval. The Court has jurisdiction over the subject matter of the Amended Complaint, the representative Plaintiffs, all members of the preliminarily certified Settlement Class, and Defendants.

### A. The Class Action Should Be Certified

The prerequisites for a class action under Rule 23(a) and (b)(3) have been satisfied, in that; (a) the number of all members of the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs and Class Representatives are typical of the claims of the members of the Settlement Class they seek to represent; (d) the Lead Plaintiffs and Class Representatives have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of

the controversy. Fed. R. Civ. P. 23(a), (b)(3)

### 1. *Rule 23(a) Factors*

With regard to the numerosity requirement, the Parties estimate that the Settlement Class encompasses 115 royalty interest owners who signed a document entitled "Oil and Gas Royalty Lease" and/or "Paid Up Oil and Gas Royalty Lease" with the named Defendants from August 3, 2014, and ending on November 19, 2018. The Court finds that a joinder of all royalty interest owners is impracticable and the numerosity requirement is satisfied. Fed. R. Civ. P. 23(a)(1).

The parties next assert the proposed class' claims possess predominant facts and a common question of law regarding the documents executed by the Class Members. (Doc. 38). The Court agrees. Each member of the proposed class alleges Defendants engineered a scheme to convince Plaintiffs "to purportedly convey a significant percentage of their royalty interests to [Defendants], under the guise of leasing their mineral interests" and common injuries, such as the loss of their property interest. *See In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1053 (S.D. Tex. 2012). Thus, there are questions of law or fact common to the parties' proposed class. Fed. R. Civ. P. 23(a)(2).

The Court also finds the representative Plaintiffs, assert fraud, fraudulent inducement, conspiracy, rescission based on unilateral mistake, money had and received, federal securities law violations, and fraud by nondisclosure claims that are typical of, if not identical to, the claims of the proposed class composed of royalty interest owners. *See* Fed. R. Civ. P. 23(a)(3). Further, the Court agrees that the representative Plaintiffs and their counsel will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Plaintiffs possess the same interest and allege the same injury as the class members they seek to represent. *Amchem*, 521 U.S. at 625-26. Finally, the Court finds that, based on the complexity of the case and the

diligence of the attorneys in

moving the case forward, Plaintiffs' counsel satisfies the dual requirements of competence and zeal. *See In re Heartland*, 851 F. Supp. 2d at 1055.

### 2. *Rule 23(b) Factors*

As asserted, the claims brought against Defendants arise from the alleged scheme engineered to persuade the Class Members to execute certain documents, which affected the royalty interest owners composing the Settlement Class. The relevant inquiry as to these claims compares Defendants' conduct in negotiating the royalty leases. Thus, common questions of law and fact predominate over questions affecting only individual members of the Settlement Class, if any. Fed. R. Civ. P. 23(b)(3).

To determine whether a class action is the superior method of adjudication, the Court considers: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. Rule 23(b). However, in the context of a settlement-only class, the fourth factor may be disregarded. *See Amchem*, 521 U.S. at 620.

There is no indication that the proposed Settlement Class members have any interest in controlling the action or have begun other litigation concerning the instant controversy. Fed. R. Civ. P. 23(b)(3)(A) and (B). The Court also agrees with the Parties that concentrating the settlement of the claims "serves the primary goals of Rule 23, namely 'economies of time, effort, and expense' without sacrificing fairness" to the Settlement Class' members. *Amchem*, 521 U.S. at 615. The alleged problem and proposed solution both center on the royalty leases executed by the royalty interest owners.

It is in the interest of the Court, the Settlement Class, and the Defendants to resolve these issues in one fell swoop.

\*          \*          \*

Accordingly, the Court finds the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) sufficiently satisfied to warrant a final certification of the Settlement Class.

### B.  Notice To The Settlement Class Was Sufficient.

Notice of the pendency of this action as a class action and of the proposed Settlement Agreement was given to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms of the Settlement Agreement met the requirements of Rule 23, previously approved by the Court, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto. No members of the preliminarily certified class requested exclusion from the Settlement Class or filed any objections to the Settlement Agreement.

### C.  The Settlement Agreement Should Be Approved.

The court must consider at the final stage the following six factors (the "*Reed* factors") before approving a settlement:

(1) the assurance that there is no fraud or collusion behind the settlement;

(2) the stage of proceedings and the amount of discovery completed;

(3) the probability of success on the merits;

(4) the range of possible recovery;

(5) the complexity, expense and likely duration of the litigation; and

(6) the opinions of class counsel, class representatives and absent class members.

*Reed*, 703 F.2d at 172; *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

The parties assert that they engaged in some discovery for months. Moreover, Plaintiffs' counsel obtained the discovery of other cases similar to the one currently before the Court, including the testimony of various witnesses. The parties were also aware of the settlement amounts of cases similar to the instant lawsuit. Settlement negotiations were conducted at arm's length with the guidance of mediator Don Philbin. Ultimately, the parties' counsel reached a settlement they believe to be fair, reasonable, and adequate after they had a full understanding of the legal and factual issues surrounding the case.

The Settlement Agreement provides for the return of 33.33% of the interest obtained by Defendants by and through the applicable lease document. Thus, all Class Members affected will reap the benefits of the Settlement Agreement.

Further, Plaintiffs' counsel agrees to seek an award of attorney fees and costs that do not exceed twenty-five percent (25%) of the interest being conveyed to Plaintiffs and Class Members by Defendants in the settlement conveyances and associate proportionately reduced share of the suspense proceeds. (Doc. 38 at 3). The relief requested appears to fall within the range of possible approval. The parties have demonstrated the complexity, expense and likely duration of the litigation if a settlement is not approved, which favors settlement.

Consequently, the Settlement meets all the *Reed* factors.

Therefore, it is **ORDERED** that, pursuant to Rule 23, this Court hereby certifies this action as a class action for purposes of settlement on behalf of:

> All individuals, trusts, or entities that signed a document entitled "Oil and Gas Royalty Lease" and/or "Paid Up Oil and Gas Royalty Lease" from August 3, 2014 and ending on November 19, 2018 with Ridge Natural Resources, LLC, Espuela Land and Minerals, LLC, Plains Natural Resources LLC, Pueblo Resources, LLC f/k/a Apache Resources, LLC, Agave Natural Resources, LLC, and/or

Range Royalty, LLC, excluding those individuals, trusts, or entities that (1) have already settled claims related to an "Oil and Gas Royalty Lease" or "Paid Up Oil and Gas Royalty Lease" with Defendants, or (2) are represented by legal counsel and have made written agreement with Defendants since the execution of the Oil and Gas Royalty Lease or Paid Up Oil and Gas Royalty Lease to resolve disputes or controversies by binding arbitration or (3) are represented by counsel that is not Class Counsel, and who have communicated in writing the fact of representation by counsel that is not Class Counsel.

It is **FURTHER ORDERED** that the Settlement Agreement is **APPROVED** as fair, reasonable, and adequate.

It is **FURTHER ORDERED** that Plaintiffs' Amended Complaint is **DISMISSED WITH PREJUDICE**. All claims between Plaintiffs, the Settlement Class, and Defendants are **DISMISSED WITH PREJUDICE**.

Finally, it is **ORDERED** that the Court retains jurisdiction over the parties, and the Settlement Class to interpret and enforce the terms and conditions of the Settlement Documents. The Court reserves the power to enter additional orders to determine attorney fees and effectuate the fair and orderly administration and consummation of the Settlement and to resolve any and all disputes arising thereunder.

The Court will rule on the Unopposed Motion for Attorney Fees by separate order.

It is so **ORDERED**.

SIGNED this 5th day of June, 2020.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

