IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DANNA SUE BRIDGES,** <br> **INDIVIDUALLY AND ON BEHALF** <br> **OF ALL OTHERS SIMILARLY** <br> **SITUATED, ET AL.,** <br> *Plaintiffs*, <br><br> v. <br><br> **RIDGE NATURAL RESOURCES,** <br> **LLC, ET AL.,** <br> *Defendants*. | §§§§§§§§§§§§ | MO:18-CV-00134-DC |

## ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF AWARD OF ATTORNEY FEES

BEFORE THE COURT is Plaintiffs' Unopposed Motion for Approval of Award of Attorney Fees filed on February 5, 2020. (Doc. 36). After due consideration, the Court **GRANTS** the Motion. *Id.*

### I.   BACKGROUND

On August 3, 2018, Plaintiffs, a group of royalty interest owners, filed their Original Complaint, thereby initiating this action. (Doc. 1). On November 19, 2018, Plaintiffs filed an Amended Complaint, joining nine additional plaintiffs; raising additional facts in relation to their tort claims; dismissing the Racketeer Influenced and Corrupt Organizations Act, trespass to try title and suit to quiet title claims; and adding a cause of action for money had and received, fraud by nondisclosure, and federal securities law violations under the Securities and Exchange Commission Rule 10b–5. (*See generally* Doc. 9). Plaintiffs seek actual damages, consequential damages, declaratory relief, punitive damages, attorney fees, pre-and post-judgment interest, costs, and other equitable relief for Defendants' alleged scam to convince Plaintiffs "to

purportedly convey a significant percentage of their royalty interests to [Defendants], under the guise of leasing their mineral interests." *Id.* at 1.

On October 2, 2019, the parties engaged in mediation in San Antonio, Texas with Mr. Don Philbin where a settlement was reached. On January 3, 2020, the Court preliminarily certified Plaintiffs' proposed Settlement Class and preliminarily approved Plaintiffs' proposed Settlement Agreement and approved Plaintiffs' proposed manner of notice regarding the distribution of Class Notice. (Doc. 32). The final fairness hearing was held on May 29, 2020, at 1:30 p.m. (Doc. 39).

Subsequently, the Court certified this action as a class action for purposes of settlement on behalf of:

> All individuals, trusts, or entities that signed a document entitled "Oil and Gas Royalty Lease" and/or "Paid Up Oil and Gas Royalty Lease" from August 3, 2014 and ending on November 19, 2018 with Ridge Natural Resources, LLC, Espuela Land and Minerals, LLC, Plains Natural Resources LLC, Pueblo Resources, LLC f/k/a Apache Resources, LLC, Agave Natural Resources, LLC, and/or Range Royalty, LLC, excluding those individuals, trusts, or entities that (1) have already settled claims related to an "Oil and Gas Royalty Lease" or "Paid Up Oil and Gas Royalty Lease" with Defendants, or (2) are represented by legal counsel and have made written agreement with Defendants since the execution of the Oil and Gas Royalty Lease or Paid Up Oil and Gas Royalty Lease to resolve disputes or controversies by binding arbitration or (3) are represented by counsel that is not Class Counsel, and who have communicated in writing the fact of representation by counsel that is not Class Counsel.

Further, the Court approved the Settlement Agreement as fair, reasonable, and adequate, and dismissed Plaintiffs' claims against Defendants with prejudice. The only matter remaining is the instant Motion for Attorney Fees.

## II.   DISCUSSION

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court

may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Fifth Circuit has also "encourage[d] counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974). Accordingly, courts are authorized to award attorney fees and expenses where all parties have agreed to the amount, subject to court approval.

Plaintiffs and class counsel have agreed to award class counsel an amount that does not exceed twenty-five percent (25%) of the interest being conveyed to Plaintiffs and Class Members by Defendants in the Settlement Conveyances and associated proportionately reduced share of the Suspense Proceeds, subject to Court approval.

> In common-fund cases-in which class counsel is compensated from the general fund used to pay class members damages and claims[,] district courts generally award attorneys' fees using one of two methods:
>
> (1) the percentage method, in which the court awards fees as a reasonable percentage of the common fund; or (2) the lodestar method, in which the court computes fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate and, in its discretion, applying an upward or downward multiplier.

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1071 (S.D. Tex. 2012) (quoting *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642 (5th Cir. 2012)). In the Fifth Circuit, the lodestar method allows for an upward or downward adjustment based on the court's review of twelve *Johnson* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

> client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19. District courts have the discretion to decide the proper fee award in common-fund cases by using either the percentage or lodestar methods, cross-checked with the *Johnson* factors. *Dell*, 669 F.3d at 642–44.

Courts have recognized the best approach, in a common fund or variant case, is to use the percentage method with the *Johnson* factors as a cross-check. This is particularly so "when the value of the judgment is uncertain." *See In re Heartland*, 851 F. Supp. 2d at 1073. The Court concludes that, in this case, the percentage method, cross-checked with the *Johnson* factors is appropriate for determining whether the attorney fees are reasonable under Rule 23(h). *Id.* Specifically, the value of the judgment is uncertain because the benefit conferred on the Plaintiffs and Class Members is the return of a percentage of their royalty interest. By using this method, the Court will reduce the risk that the amount of the fee award overcompensates counsel with regard to the benefits the class obtained or undercompensates counsel for their work. *Id.*

Under the percentage method, the Court must first determine the "actual monetary value conferred to the class members by the settlement." *Id.* (quoting *Bussie v. Allamerica Fin. Corp.*, No. Civ. A. 97-40204-NMG, 1999 WL 342042, at *2 (D. Mass. May 19, 1999)). Next, the Court must "set[] the benchmark percentage to be applied to this value." *Id.* Finally, the Court will apply the *Johnson* factors to resolve whether an upward or downward adjustment is necessary. *Id.* (citing *In re Dell Inc.*, No. A-06-CA-726-SS, 2010 WL 2371834 (W.D. Tex. June 11, 2020)).

### A. Value Conferred to the Class & Benchmark Percentage

As noted previously, the Settlement Agreement provides:

> Defendants will convey to each Plaintiff who does not timely and properly submit a request for exclusion from the Class, 33.33% (1/3) of the interest obtained by Defendants by and through the applicable Oil and Gas Royalty Lease (the "Settlement Conveyances").
>
> . . . .
>
> Class Counsel agrees (a) that such attorneys' fees and costs shall be recovered exclusively out of and from royalty interests being conveyed to Plaintiffs and Class Members by Settlement Conveyances and (b) not to seek an award of attorneys' fees and costs against Defendants. Class Counsel agrees not to seek an award of attorneys' fees and costs in excess of twenty-five (25%) of the interest being conveyed to Plaintiffs and Class Members by Defendants in the Settlement Conveyances and associated proportionately reduced share of the Suspense Proceeds, and such conveyances to Class Counsel shall be memorialized in the singular Settlement Conveyances.

(Doc. 36 at 3). Class counsel seeks an award of twenty-five percent (25%) of the interest being conveyed to Plaintiffs and argues this benchmark percentage is reasonable and consistent with Fifth Circuit precedent.

"A number of cases recognize a benchmark of between twenty and thirty percent in common fund cases." *Di Giacomo v. Plains All Am. Pipeline*, No. CIV.A.H-99-4137, 2001 WL 34633373, at *8 (S.D. Tex. Dec. 19, 2001). Courts in circuits that formally adopted the percentage method have utilized the following factors in deciding the benchmark percentage: "(1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) awards in similar cases." *Id.* (citing *Gunter v. Ridgewood*

5

*Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)).

In this case, the class consists of 114 individuals and each member will receive 1/3 of the interest obtained by Defendants by and through the applicable Oil and Gas Royalty Lease. (Doc. 36 at 4). Additionally, as noted in the Court's previous order, no objections were filed to the settlement terms or fees requested by counsel. *Id.* at 4–5. The attorneys involved in this action are experienced in class action lawsuits, they obtained significant volumes of written discovery from Defendants and efficiently resolved the case by settlement. *Id.* at 5. Further, the complexity of the case and the motion to dismiss filed by Defendants raised the possibility that Plaintiffs would have recovered nothing had the litigation progressed. *Id.* at 6. Class counsel affirms they have expended more than 800 hours on this case and that they will expend an additional 100 hours in relation to the administration of the settlement. *Id.* at 7. Finally, class counsel argues that other cases have deemed a contingency of 1/3 to be presumptively reasonable. *Id.* at 8.

In light of the factors above, the Court rules that twenty-five percent (25%) is a reasonable benchmark percentage that will produce a reasonable fee for class counsel.

Next, the Court will apply the *Johnson* factors as a cross-check.

### B.  The *Johnson* Factors

The Court will examine the reasonableness of an award of twenty-five percent (25%) in light of each of the relevant *Johnson* factors. *See Di Giacomo*, 2001 WL 34633373, at *9.

#### 1.  *Time & Labor Required*

Class counsel submitted a declaration in support of their Motion where attorney Josh Borsellino asserts that his firm has spent approximately 825 hours working on the case. (Doc. 36-1 at 3–4). Further, class counsel anticipates spending at least 100 additional hours on

this case, including preparing for and attending any hearings, drafting the documents necessary to effectuate the settlement, and conferring with the members of the class regarding questions they will have related to the settlement. *Id.* at 4. Class counsel also attached a spreadsheet with the tasks and hours performed by the firm. *Id.* at 5.

The Court notes class counsel expended a substantial number of hours building a successful case and that both sides were represented by skilled lawyers.

The Court rules the time and labor expended was reasonably required for the results achieved in this case.

### 2. *Novelty & Difficulty of the Legal Issues*

Plaintiffs alleged fraudulent inducement, fraud by nondisclosure, conspiracy, rescission based on unilateral mistake, money had and received, Federal Securities violations, and declaratory judgment. Moreover, significant volumes of documentation concerning Defendants were produced and reviewed by the attorneys. (Doc. 36). Further, there were separate but similar cases filed in other courts that also settled. *Id.* Finally, at the time a settlement was reached, there was a pending motion to dismiss. *Id.* As a result, this case had a significant risk of no recovery. Such risk supports the fairness and adequacy of the settlement that was reached and the twenty-five percent (25%) as a basis for a fee award.

### 3. *Skill Required to Perform Legal Service Properly*

The Court has repeatedly noted the diligence and skillfulness of the attorneys in this case, particularly in managing a class of over 100 members. The Court finds this factor also supports the benchmark percentage.

### 4. *The Undesirability of the Case*

Although several separate but similar cases were filed and litigated in other courts, the

case carried risks that required in-depth investigation and considerable informal discovery to analyze the merits of Plaintiffs' claims. Thus, this factor also justifies the benchmark percentage.

> **5.** *Customary Fee, Whether Fee is Fixed or Contingent, Amount Involved and Results Obtained, and Awards in Similar Cases*

Class counsel pursued this case on a contingency fee basis and advanced costs. There was a risk of no recovery and significant uncertainty as to the recovery amount. Nonetheless, Plaintiffs' counsel was able to recover a percentage of the class members' property interest that was previously conveyed to Defendants. Finally, other common fund fee awards fall between twenty and thirty percent. Consequently, the Court finds these factors further support the benchmark percentage.

> **6.** *Time Limitations Imposed by the Client or Circumstances, Nature and Length of the Professional Relationship with the Clients, and Preclusion of Other Employment by the Attorney*

Class counsel does not specifically allege that they were precluded from engaging in other employment as a result of taking this case, nor does class counsel address the time limitations imposed by the client or circumstances. These factors, however, do not influence the fee calculation.

\* \* \*

In sum, having considered the *Johnson* factors, the Court rules that a fee should be awarded based on twenty-five percent (25%) of the interest being conveyed to Plaintiffs and Class Members by Defendants and associated proportionately reduced share of any proceeds held in suspense.

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion for Approval of Award of Attorney Fees. (Doc. 36).

The Court **ORDERS** that Borsellino, P.C. shall receive twenty-five percent (25%) of the interest being conveyed to Plaintiffs and Class Members by Defendants and the associated proportionately reduced share of any proceeds held in suspense.

It is so **ORDERED**.

SIGNED this 23rd day of June, 2020.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE